T. P. HALEY V. JAMES McCARTY.

FILED JUNE 16, 1896.   No. 6649.

48   883
57    80

Ruling on Motion: CONFUSING EVIDENCE: REVIEW. Where the evidence submitted upon a motion is imperfect and so confusing in its nature that it cannot be determined affirmatively that there was error in overruling such motion, the ruling of the district court must be sustained.

ERROR from the district court of Custer county.   Tried below before NEVILLE, J.

*M. McSherry* and *J. S. Kirkpatrick*, for plaintiff in error.

*Sullivan & Gutterson* and *Hutchinson & Dickinson*, contra.

RYAN, C.

T. P. Haley recovered a judgment before a justice of the peace of Custer county on December 12, 1889, in the sum of $75 and costs.   There were entries upon the docket of the justice of the peace as follows:

"Execution this day issued and delivered to Charles Penn, sheriff.

"Dec. 14, 1889.—Execution returned this day as follows:

" 'I hereby return this execution satisfied in full, this 14th day of December, 1889.        CHARLES PENN,
              " '*Sheriff*,
       " 'By D. E. HERRMAN,
              " '*Deputy.*'

"And afterwards, by request of defendant's attorney, the following amended return was made in my presence, to-wit:

" 'I hereby certify that within execution was paid under protest and demand to file this bond at the same time.
              " 'CHARLES PENN,
                   " '*Sheriff*,
       " 'By D. E. HERRMAN,
              " '*Deputy.*' "

There was afterwards on the same day filed and approved an appeal bond. In the district court there was a judgment in favor of McCarty.

There is presented for review but one question by these proceedings in error, and that question arises upon the overruling of the following motion: "Comes now the plaintiff, Rev. T. P. Haley, and moves the court to dismiss defendant's appeal in the above entitled cause, for the reason that the judgment from which said defendant seeks to appeal has been fully paid, as more fully appears by the transcript in said case, which is made a part of this motion and in support thereof, and the said judgment was paid by the defendant in this case." The entire bill of exceptions is made up of what is designated as a statement of facts, which seems to be statements by counsel respectively for their clients. It is in no sense an agreement and seems to be devoted entirely to the question whether or not the money paid to the sheriff was paid voluntarily or under compulsion. At the close there was the following colloquy:

"By the Court: That is all the entry?

"By Attorney: This is the agreed state of facts to be considered with the other affidavits.

"By the Court: Strike out that part stating that a levy was made."

It is very evident that this court cannot say upon such a condition of affairs as is above disclosed that the trial court erred in its ruling upon the motion to dismiss the appeal. The bill of exceptions is not complete, and even what appears does not in the least degree settle the questions of fact concerning which the altercation of counsel took place. The judgment of the district court is therefore

AFFIRMED.